UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CARDILLO & SONS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  04-12496-JLT |
| ) | |
| **OFFICIAL SECURITY, INC.** ) | |
| **MRH INTERNATIONAL, INC.,** ) | |
| **DARRYL CRONFELD, and** ) | |
| **MARGARET R. CRONFELD,** ) | |
| ) | |
| Defendants. ) | |

**<u>OPPOSITION TO DEFENDANTS MOTION TO DISMISS FOR IMPROPER VENUE
OR IN THE ALTERMATIVE TO CHANGE VENUE</u>**

**INTRODUCTION AND FACTS**

This is an action brought by the plaintiff Cardillo & Sons, Inc. ("CSI" or the "Plaintiff") which seeks damages and other relief against the defendants Official Security, Inc. ("OSI"), MRH International, Inc, ("MRH"), Darryl Cronfeld ("Mr. Cronfeld") and Margaret R. Cronfeld ("Ms. Cronfeld") (collectively the "Defendants").  As indicated below, and as is more fully set forth in the fact section of the Plaintiff's opposition to the Defendants' motion to dismiss for lack of jurisdiction, the parties are engaged in the security services industry and are direct competitors.  The parties have competed and continue to compete for contracts, including competition for contracts in Massachusetts, relating to the provision of security services at various assessment sites throughout the United States where the federal Transportation Safety Administration (the "TSA") and its prime contractor CPS Human Resource Services ("CPS") conduct assessments of candidates for airport security positions.  Significantly, ***the Defendants admit that they have engaged in activity in Massachusetts which activity is directly related to***

*the TSA/CPS contract*.   Upon losing several contract bids to CSI over the course of the past two years, the Defendants have engaged in a campaign of unfair and deceptive acts against CSI including, but not limited to defamation of CSI and its officers and/or employees, harassment of entities with which CSI enjoys advantageous and/or contractual business relations and filing false reports with the government or government contractors.  Defendants' took all acts willfully and maliciously and for the sole purpose of destroying CSI's business reputation in order to gain an unfair competitive advantage.

## LEGAL ARGUMENT

There is no dispute that 28 U.S.C.A. § 1391(a) governs the question of venue in this case. That statute provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred.

The focus of this Court's inquiry is therefore whether a substantial part of the events of omissions giving rise to the claim occurred in Massachusetts.

"Analysis of any motion to dismiss or transfer for venue purposes must begin with acknowledgment of the well-settled principles that a plaintiff's choice of forum is not to be lightly disturbed and that the burden of establishing the need for transfer rests with the movant." Siegel v. Homestore, Inc., 255 F.Supp.2d 451, 454-455 (E.D. Pa. 2003). Moreover, "the test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a claim 'arose.'" Id. at 455.

In determining whether "a substantial part" of the acts or omissions at issue took place in the challenged venue, the First Circuit has rejected the focus of many other circuits on the acts or

2

omissions of the defendant or defendants.  Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 n. 6 (1st Cir. 2001).  Rather, the First Circuit dictates a "more holistic approach."  Id.  "We look [] not to a single "triggering event" prompting the action, but to the entire sequence of events underlying the claim. Id; citing First Mich. Corp. v. Bramlet, 141 F.3d 260, 263-264 (6th Cir.1998)(concluding that the district court misapplied the statute in basing its determination of improper venue "on a single occurrence which directly gave rise to the plaintiff's action.").  "[A]n event need not be a point of dispute between the parties in order to constitute a substantial event giving rise to the claim."  Uffner v. La Reunion Francaise, S.A., 244 F.3d at 43.

     The Uffner Court considered the proper venue of a case centering on a wrongful denial of insurance claim.  The Uffner Court held that venue properly resided in Puerto Rico, where the loss occurred, even though the appellant "was a resident of the Virgin Islands . . . this contract was drafted in France, underwritten in England, and issued to appellant through Georgia." Uffner, 244 F.3d at 42-43.  The Court held that, even though there was no dispute between the parties regarding the nature or circumstances of the loss, the mere fact that the loss occurred in Puerto Rican waters was enough to satisfy the "substantial events" test.

     Here, as in Uffner, the Plaintiff's alleged loss occurred in the state in which the action was brought.  CSI has incurred damages in Massachusetts consisting of, among other things: legal and administrative costs in responding to and defending against the Defendants' defamation and malicious abuse of process; lost revenue from CPS and other sources caused by the Defendants' wrongful interference and conspiracy; and, damage to its reputation throughout Massachusetts and the United States due to the Defendants' wrongful conduct.

     The Defendants argue that venue should not lie in Massachusetts because, while *some* of the wrongful conduct and most of the damage occurred in Massachusetts, much of their alleged

wrongful conduct occurred in Washington, D.C., Sacramento, California and Nevada, where the Defendants reside. The Defendants' reliance on the sundry jurisdictions to which their wrongful conduct flowed is misplaced. The statute's "substantial part" condition does not require that a majority of events at issue take place in the forum state. Park Inn Intern, LLC v. Mody Enter., Inc., 105 F. Supp.2d 370 (D.N.J. 2000); Neufeld v. Neufeld, 910 F.Supp. 977 (S.D.N.Y. 1996) (Venue proper even though majority of events giving rise to claims occurred outside venue.). There is, moreover, no requirement that the challenged forum even be the "best" forum for the lawsuit to be venued. Id. Instead, and as dictated by Uffner and the above-referenced authority, the focus of this Court must encompass the totality of the events giving rise to this dispute as well as the location of the damages flowing from the alleged wrongful conduct. These considerations, and the deference to be given to the plaintiff's choice of fora lead to the inescapable conclusion that Massachusetts is the proper venue for this action.

     Finally, the Defendants argue that Nevada is a more appropriate forum for this action because they reside in Nevada and the numerous defamatory and other wrongful correspondences they issued emanated from Nevada. The Defendants ignore the fact, however, that their wrongful correspondences and communications flowed over state lines into numerous jurisdictions, including Massachusetts. They ignore the fact that many witnesses to this action reside in and around Washington D.C. as the TSA is headquartered in Washington, D.C. and CPS has offices there. Massachusetts will undoubtedly provide a more convenient forum for TSA and CPS witnesses. Defendants also ignore significant authority requiring that "there is a strong presumption in favor of the plaintiff's choice of forum." Piper Aircraft Company v. Reyno, 454 U.S. 235, 256 (1981). A balancing of all of these factors, and the strong presumption favoring the Plaintiff's choice of forum, counsel against transferring venue.

## **CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss for improper venue or, in the alternative, to change venue, should be denied.

Respectfully Submitted,

CARDILLO & SONS, INC.

By its attorneys:

_____/S/ John F. Tocci_____
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated: March 18, 2005