UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CARDILLO & SONS, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**DOCKET NO.:  04-12496-JLT**
MRH INTERNATIONAL, INC., OFFICIAL)
SECURITY, INC., DARRYL CRONFELD, )
and MARGARET R. CRONFELD,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　)
_____)

**DEFENDANTS' ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendants MRH International, Inc. ("MRH"), Official Security, Inc. ("OSI"),

Darryl Cronfeld ("Mr. Cronfeld"), and Margaret R. Cronfeld ("Mrs. Cronfeld"),

collectively referred to as Defendants, by and through their attorney, Robert M.

Bonin, Esquire, answer Plaintiff's First Amended Complaint as follows:

**INTRODUCTION**

1.  Defendants admit the allegations that this action is brought by Plaintiff seeking

damages against the Defendants on various theories and that the parties were in direct

competition for security work at various assessment sites throughout the United States

under a specific subcontract from TSA's prime contractor, CPS, Inc. Defendants deny

losing any contract bids to Plaintiff involving TSA or its prime contractor, CPS.

Defendant(s) deny they or any of them have engaged in any deceptive acts or unfair

competition against Plaintiff, it's officers and or employees.  Defendants deny they or

any of them have falsely defamed Plaintiff, its officers and/or employees, or harassed entities with which Plaintiff enjoys advantageous and/or contractual relationships, or filed false reports with the government or government contractors. Defendants deny that any of their actions were undertaken maliciously and for the purpose of destroying Plaintiff's business reputation in order to gain an unfair competitive advantage.

## THE PARTIES

2.    Defendants admit that Plaintiff was engaged in the security services industry but state that they are without sufficient information and belief to either admit or deny the remaining allegations in paragraph 2 and, on that basis, deny them.

3.    Defendants deny the allegations in paragraph 3 and allege that MRH International, Inc.'s principal place of business is 2404 Santa Paula Drive, Las Vegas, Nevada 89103 and that MRH is engaged in the consulting business, including the security services industry.

4.    Defendants admit the allegations in paragraph 4, except the principal place of business of OSI is 2404 Santa Paula Drive, Las Vegas, Nevada 89103

5.    Defendants admit the allegations in paragraph 5, except the zip code of Mr. Cronfeld's residence in 89121 rather than 89103.

6.    Defendants admit the allegations in paragraph 6, except the zip code of Mrs. Cronfeld's residence in 89121 rather than 89103.

## JURISDICTION & VENUE

7.    Defendants have insufficient information or belief to either admit or deny that Plaintiff's alleged damages exceed $75,000.00, and, on that basis, deny that allegation.  Defendants admit the remaining allegations in paragraph 7.

8.    Defendant deny the allegations in paragraph 8.

## FACTUAL ALLEGATION

9.    Defendants admit the allegations in paragraph 9.

10.    Defendants deny the allegations in paragraph 10.

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants answer, with regard to the allegations in paragraph 12, that

TSA entered into the contract with CPS in late 2002 and that it is unclear

whether the proper name of the contracting entity is CPS Human Resource

Services or Cooperative Personnel Services. Defendants admit the

remaining allegations in paragraph 12, except the characterization of the

task as "massive."

13.    Defendants admit the allegations in paragraph 13.

14.    Defendants admit the allegations in paragraph 14, except as to the use of

adjectives "ambitious," "daunting" and "continuous."

15.    Defendants admit the allegations in paragraph 15.

16.    Defendants admit the allegations in paragraph 16.

17.    Defendants admit the allegations in paragraph 17.

## COMPETITION

18.    Defendants deny the allegations contained in paragraph 18 and allege that,

during 2003 and 2004, CPS only contracted with three security companies.

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants admit that CPS came to the point during 2003 and 2004 when

CPS directed a large portion of the subcontracted security service work to

Plaintiff. Defendants deny that this was a result of Plaintiff's commitment to duty and its superior service.

21.   Defendants admit the allegations in paragraph 21.

22.   Defendants deny the allegations in paragraph 22.

23.   Defendants have insufficient information or belief that there was an announcement as alleged in paragraph 23 and, on that basis, deny that allegation.

24.   Defendants deny the allegations in paragraph 24.

**DEFEDANTS ILLEGAL ACTION**

25.   Defendants deny the allegations in paragraph 25.

26.   Defendants deny the allegations in paragraph 26.

27.   Defendants deny the allegations in paragraph 27.

28.   Defendants admit that OSI caused emails to be sent to CPS management to the effect that the manner in which Plaintiff provided security services for CPS was in violation of various states' laws. At no time did Defendants make any statement about Plaintiff's ability to fulfill its contract obligations in the future. OSI did advise CPS that Plaintiff had been notified by the states of Nevada, Texas and Arizona that Plaintiff's activities in those states were in violation of security guard laws by virtue of not having the proper licenses.

29.   Defendants deny the allegations in paragraph 29.

30.   Defendants deny the allegations in paragraph 30.

31.     Defendants admit that, between November 16 and November 22, Mr. Cronfeld caused emails to be sent to CPS personnel in several locations, but deny that such emails contained any false or malicious statements relating to Plaintiff and deny that such emails were sent in an attempt to entice CPS to sever its contracts with Plaintiff.

32.     Defendants admit that, at the request of CPS, Mr. Cronfeld met with CPS officials in Crystal City Virginia on November 23, 2004.  Defendants deny that any statements were made by Mr. Cronfeld regarding Plaintiff.  No false and defamatory statements were made.

33.     Defendants deny this allegation.

34.     Defendants admit that, in January of 2005, Mr. Cronfeld caused one or two emails to be sent to OSI's subcontractors, who had been providing security services for OSI under the CPS/OSI contract and who were located in other states, including Massachusetts.

35.     Defendants admit that, in an email sent on January 7, 2005, Mr. Cronfeld urged OSI's subcontractors to notify senior CPS officials in Washington, D.C., of Plaintiff's relationship with other CPS officials, the waste of dollars caused by Plaintiff, and the problem of unlicensed business activity by Plaintiff that had been occurring for the past 18 months. Defendants deny that Mr. Cronfeld's purpose in sending this email was an effort to "harass CPS into severing" its relationship with Plaintiff.

36.     Defendants deny that Mr. Cronfeld urged OSI's subcontractors to file "frivolous lawsuits" against anybody or any entity.

37.     Defendants admit that, if OSI's subcontractors did file lawsuits, Mr.

Cronfeld wanted the bills to be sent to him as alleged in paragraph 37.

38.     Defendants deny this allegation.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

## COUNT I

### (DEFAMATION)

41.     Defendants incorporate and restate their answers to paragraphs 1 through

40 of Plaintiff's First Amended Complaint.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.      Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

## COUNT II

### (Tortious Interference)

46.     Defendants incorporate and restate their answers to paragraphs 1 through

45 of Plaintiff's First Amended Complaint.

47.     Defendants are without sufficient information or belief to either admit or

deny the allegations in paragraph 47 and, on that basis, deny those

allegations.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

## COUNT III

**(Malicious Abuse of Process)**

50.    Defendants incorporate and restate their answers to paragraphs 1 through 49 of Plaintiff's First Amended Complaint.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53.

## COUNT IV

**(Civil Conspiracy)**

54.    Defendants incorporate and restate their answers to paragraphs 1 through 53 of Plaintiff's First Amended Complaint.

55.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

57.    Defendants deny the allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58.

## COUNT V

**(Unfair or Deceptive Acts or Practices)**

59.    Defendants incorporate and restate their answers to paragraphs 1 through 58 of Plaintiff's First Amended Complaint.

60.    Defendants deny the allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

## AFFIRMATIVE DEFENSES

63.    There is no jurisdiction over the persons of the Defendants.

64.    The venue of this action is incorrect.

65.    The various Counts of the Complaint fail state causes of action.

66.    The Plaintiff's causes are barred by the Plaintiff's lack of clean hands.


**WHEREFORE**, Defendants pray for judgment in their favor, dismissing

Plaintiff's First Amended Complaint, and awarding Defendants their costs and attorney's

fees.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL MATTERS SO**

**TRIABLE.**


                                        Defendants,
                                        By their Attorneys,


                                        _____/s/  Robert M. Bonin_____
                                        Robert M. Bonin (BBO#049100)
                                        Bonin & Marashian
                                        77 Franklin Street, 4th Floor
                                        Boston, MA  02110
                                        (617) 723-2525


DATED: April 21, 2005